IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RONALD D. PAYNE,

    Petitioner,

v.

MICHAEL SHEETS, Warden,

    Respondent.

CASE NO. 2:08-CV-883
JUDGE SARGUS
MAGISTRATE JUDGE KING

## OPINION AND ORDER

On May 17, 2010, the United States Magistrate Judge issued a *Report and Recommendation* recommending that the claims asserted in this habeas corpus action, filed pursuant to 28 U.S.C. §2254, be dismissed as procedurally defaulted. *Report and Recommendation*, Doc. No. 10. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. *Objections*, Doc. No. 15. For the reasons that follow, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Petitioner objects to the Magistrate Judge's recommendation that his claims be dismissed as procedurally defaulted. Petitioner again argues at length that, because the Ohio Supreme Court in *State v. Foster*, 109 Ohio St.3d 1 (2006), remanded for re-sentencing all cases then pending on direct review, he did not waive his claim under *Blakely v. Washington*, 542 U.S. 296 (2004), for consideration in these proceedings, despite his failure to raise an objection at sentencing. According to petitioner, Ohio had no procedural rule requiring that he raise his *Blakely* claim at sentencing in order to preserve that issue for appellate review. He argues that *Foster* created a "unique rule" in Ohio as to *Blakely* claims. Petitioner refers to various Ohio cases that were remanded for re-sentencing under *Foster* without consideration as to whether the claim had been raised in the trial

court below. With regard to his equal protection claim, petitioner contends that his failure to raise this claim in the Ohio courts was because Ohio offers no avenue of redress for such a claim. Finally, petitioner asserts that his sentence constituted plain, but not harmless, error. *See Objections.*

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons detailed by the Magistrate Judge, this Court also remains unpersuaded by petitioner's arguments. Petitioner was sentenced almost one year after *Blakey*, but prior to the Ohio Supreme Court's decision in *Foster*. Ohio has a long-standing and consistently enforced contemporaneous objection rule, and Payne could not have been misled about the requirement that he raise his objection at sentencing in order to preserve the claim for state court appellate review. Further, and contrary to petitioner's allegation here, he could have, but did not, raise his equal protection claim in the state appellate court and Ohio Supreme Court. Because petitioner's claims are procedurally defaulted, this Court need not address whether the error alleged by him constituted plain error or was harmless.

For these reasons and for the reasons already addressed in the Magistrate Judge's *Report and Recommendation,* petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

**The Clerk shall enter FINAL JUDGMENT in this case.**

EDMUND A. SARGUS, JR.
United States District Judge

Date: 9-20-2010

2